Cross <em>against</em> Moulton.

IN ERROR, on *certiorari* to a Justice's Court.

The defendant in error commenced an action, by warrant, in the court below, against the plaintiff in error, on a promissory note.   The defendant below relied on a set-off;

appearance, without making oath of the want of a material witness.

Where a defendant is sued in a justice's court by warrant, he is entitled to an adjournment, on giving good security for his material witness.

A Justice has no right, on his own mere motion, without any exception being taken by either party, to challenge the panel of jurors, and issue a new *venire*.

NEW-YORK, and he requested an adjournment, and said, that he had
October, 1818. good bail present.  The justice refused the adjournment,
CROSS          unless the defendant below would not only give bail, but
v.             swear that he could not proceed to trial for want of a mate-
MOULTON.       rial witness.   The defendant refused to make the oath, and
demanded a trial by jury.   A *venire* was accordingly issued,
and after the constable had returned a panel of jurors,
the Justice, without any motion by either of the parties,
objected to the panel, on the ground that the jurors were
not suitable, as only three of them were freeholders, and
two of the number near akin to the plaintiff below ; and he
adjourned the court until the next morning, when he issued a
new *venire* to the same constable, directing him to summon
only freeholders.   The defendant below refused to attend
or make any defence; and the cause was heard *ex parte* be-
fore the second jury.   A verdict and judgment were given
for the plaintiff below.

*Per Curiam.*   The Justice erred in refusing an adjourn-
ment.   The statute, (1 *N. R. L.* 389.) allows a defend-
ant sued by warrant an adjournment, on giving security
" to appear and stand trial, &c." and the Justice had no
right to require an affidavit of the want of a material wit-
ness.   (*Sebring* v. *Wheedon*, 8 *Johns. Rep.* 458.)

The Justice also committed a gross irregularity in chal-
lenging the jurors, on the return of the first *venire*, and in
issuing a second *venire*, merely on the ground of his own
extra-judicial exceptions.

                                        Judgment reversed.